

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHARD MONTCLAIR-BOHL, )
Independent Administrator of the )
Estate of KATHRYN MONTCLAIR- )
BOHL, deceased, )
  )
    Plaintiff, )   No. 06 C 2166
  )
v. )
  )   Judge Ronald A. Guzmán
JANSSEN PHARMACEUTICA, INC., )
a corporation, JANSSEN PHARMA- )
CEUTICA PRODUCTS, L.P., a )
limited partnership, JOHNSON & )
JOHNSON, a corporation, and ALZA )
CORPORATION, a corporation, )
  )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants for among other things, negligence in the design, manufacture and testing of a pain reliever patch that plaintiff says caused his wife's death. The case is before the Court for a determination on whether 735 ILL. COMP. STAT. 5/2-402 should be applied to this case. For the reasons set forth below, the Court concludes that it should not.

### Background

Plaintiff originally filed this suit in state court. Though he did not name Mauricio Morales, his wife's treating physician, as a defendant, he named Morales as a respondent in discovery pursuant to 735 ILL. COMP. STAT. 5/2-402 ("section 2-402"). In relevant part, that statute provides:

> The plaintiff in any civil action may designate as respondents in discovery . . . those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.
>
> Persons or entities so named as respondents in discovery . . . may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action
>
> . . . .
>
> A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. . . .

*Id.* Subsequently, defendants removed the case to this Court, invoking diversity jurisdiction.

Now, plaintiff wants to add Dr. Morales as a defendant. But he wants to do so pursuant to section 2-402, not federal procedural rules. Defendants object, arguing that section 2-402 has no application to this case.

## Discussion

As a general rule, a federal court sitting in diversity must apply the substantive law of the state in which it sits and federal procedural law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). If, however, a state law conflicts with one of the federal procedural rules such that "enforcing [it] would knock out the federal rule," then the federal rule controls. *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995). Thus, our first task is to determine whether there is a conflict between section 2-402 and one of the federal rules.

Joinder of defendants in federal cases is governed by Federal Rules of Civil Procedure ("Rules") 19 and 20 and 28 U.S.C. § 1447(e). Rule 19 addresses compulsory joinder, *i.e.*, joinder of parties without whom the case cannot, in fairness, proceed. Rule 20 addresses permissive joinder, *i.e.*, joinder of parties who can, but need not, be joined to the suit. Section 1447(e) addresses joinder specifically in the context of removal cases: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Like Rule 19, section 2-402 sets forth a species of compulsory joinder, mandating that respondents in discovery be joined as defendants, upon timely motion, if there is probable cause to believe they are liable. Thus, section 2-402 is in direct conflict with both Rule 19, which instructs courts to consider a variety of factors to determine whether a defendant must be joined, and section 1447(e), which grants courts discretion to deny joinder in removal cases. Because there is a conflict between the state law and federal procedure, the Supremacy Clause dictates that the latter controls. *Healy*, 60 F.3d at 310.

Even if there were no conflict, section 2-402 would still not apply because it is procedural, not substantive. A substantive state law, the Seventh Circuit has said, is one that is: (1) "'procedural' in the ordinary sense of the term, [but] is limited to a particular substantive area"; or (2) so likely to dictate the outcomes of cases that, if not applied in diversity cases, forum shopping or dissimilar decisions on similar cases may result, and "so entwined with procedures prescribed by the federal rules that it is likely to impair the integrity of federal procedure if it is applied in diversity cases." *Id.* Section 2-402 satisfies neither test.

As originally enacted, section 2-402 applied to only one substantive are of the law – medical malpractice. *See* 1989 Ill. Legis. Serv. Pub. Act 86-843 (West). In 1989, however, the Illinois

3

Legislature amended the statutory language, in relevant part, from "The plaintiff in any action based on an allegation of negligence in the performance of health care services may designate as respondents in discovery . . . ." to "The plaintiff in any civil action may designate as respondents in discovery . . . ." *Id.* Thus, section 2-402 now applies to all civil suits, not just to suits that implicate one substantive area of the law.

Moreover, not applying section 2-402 to diversity cases is not likely to lead to forum shopping. Even in the absence of section 2-402, plaintiffs can add respondents as defendants in federal court pursuant to Rules 19 and 20 and section 1447(e). Consequently, the availability of section 2-402 will not give plaintiffs any incentive to choose one court system over the other.

Nor will it, as plaintiff argues, give respondents "a clear incentive to do whatever can be done to get into federal court so that they can avoid the conversion aspect of 2-402." (Pl.'s Br. at 5-6.) Respondents are not defendants in the lawsuit, so they have no right to remove. *See* 28 U.S.C. § 1446(a). Consequently, the only way a respondent can "get into federal court" is by voluntarily joining the suit which, though permitted by section 2-402, would bring about the very result – their joinder – that removal to federal court was supposed to avoid.

Not applying section 2-402 in federal court also would not encourage defendants to remove. Defendants have no interest in keeping other potentially liable parties out of the case. On the contrary, it is far better for them if the risk of judgment is spread among many defendants rather than limited to one. Thus, confining section 2-402 to state court would not give defendants any incentive to forum shop.

Not applying the section to diversity cases also would not lead to dissimilar results in similar cases because all federal courts would be using the same joinder rules. If, however, section 2-402

4

is applied in federal court, the outcome of a joinder motion may depend on the location of the court. Illinois federal courts, who could not deny joinder in accordance with section 1447(e), would be forced to permit diversity-destroying defendants to be joined and, as a result, to remand such cases to state court. Federal courts in other states, however, would retain their discretion to deny joinder, creating the potential for different joinder decisions in similar cases in different federal courts.

In short, applying section 2-402 to diversity cases would be inconsistent with both the Supremacy Clause and the *Erie* doctrine. Therefore, the Court declines to do so.

The only case plaintiff cites that squarely addresses this issue, *Moomaw v. Mentor*, 731 N.E.2d 816 (Ill. App. Ct. 2000), does not dictate a different result.[1] The *Moomaw* court held that section 2-402 would be applied to federal diversity cases because, among other reasons, "it is limited to a particular area of the law, *i.e.*, medical malpractice." *Id.* at 822. As noted above, however, for the last seventeen years section 2-402's domain has included all civil cases, not just those grounded in medical malpractice. That amendment vitiates any inference that the Legislature intended section 2-402 to affect just one substantive area of the law.

The *Moomaw* court also said section 2-402 would apply in federal court because it is outcome determinative:

> [I]f section 2-402 is not made applicable in federal court, potential defendants may be able to evade joinder under certain circumstances. For example, assume the following facts: (1) a plaintiff has filed an action in state court naming X as a

---

[1] Plaintiff contends that *Jass v. Prudential Life Insurance Co.*, 88 F.3d 1482 (7th Cir. 1996), and *Roe v. Little Company of Mary Hospital*, 815 F. Supp. 244 (N.D. Ill. 1992) "implicitly" recognize that section 2-402 is substantive. In reality, the *Jass* court simply noted that one of the defendants had started as a respondent in discovery in state court, 88 F.3d. at 1485-86 & nn.2 & 3, and the *Roe* court assumed, without any discussion, that section 402 applied, 815 F. Supp at 245-49. Neither case contains any discussion or analysis of the issue before this Court.

5

> defendant and Y as a respondent in discovery under section 2-402, (2) the statute of limitations with respect to Y is about to run, (3) X removes the cause to federal court under diversity jurisdiction, and the statute of limitations against Y runs out in the meantime. If section 2-402 is not applicable in federal court, a plaintiff can no longer join Y. Section 2-402, on the other hand, would have allowed the plaintiff to join Y for six months after naming Y as a respondent in discovery, regardless of the statute of limitations. Because a party named as a respondent in discovery could potentially evade joinder if section 2-402 of the Code is not made applicable in federal court, a plaintiff might choose to avoid that risk by simply naming the party as a defendant and not as a respondent in discovery. This result would undermine the very goal Illinois had in enacting section 2-402 – deterring frivolous medical malpractice suits while simultaneously protecting meritorious claims.

*Id.*

Even if such situations were routine, a dubious proposition given the thirty-day window for removal, section 2-402 still would not be substantive. In the *Erie* analysis, the question is not whether a state rule has an impact on the outcome, but whether that impact will lead to forum shopping. *Healy*, 60 F.3d at 310. The situation described by the *Moomaw* court might prompt a late-filing plaintiff to name all potentially liable parties as defendants, but it would not prompt him to sue in a different forum. Because confining section 2-402 to state court would not promote forum shopping, the evil that the *Erie* doctrine seeks to avoid, the fact that doing so might have some other impact on cases is not determinative.

The last basis for the *Moomaw* court's decision was its belief that applying section 2-402 to diversity cases would not impair the integrity of federal procedure. In the court's words: "The federal rules do not have a respondent-in-discovery mechanism and section 2-402 is not entwined with Rule 19 or 20, which govern joinder in federal court." *Moomaw*, 731 N.E.2d at 822. As discussed above, however, section 2-402's mandate that respondents be joined conflicts directly with Rule 19 and section 1447(e), which instruct federal courts to consider a variety of factors to

determine whether joinder is required in a removal case. If section 2-402 were applied in federal court, those Rules would be meaningless in diversity cases, a result that conflicts with both the Supremacy Clause and the *Erie* doctrine.

## Conclusion

For all of the reasons stated above, the Court concludes that 735 ILL. COMP. STAT. 5/2-402 does not apply to this case. Plaintiff's motions for a probable cause hearing and to amend his complaint pursuant to that section [doc. nos. 15 & 26] are, therefore, stricken as moot. Plaintiff has twenty-one days from the date of this Memorandum Opinion and Order to file a motion to amend his complaint to add Dr. Morales as a defendant pursuant to Rules 19 and 20 and section 1447(e). Defendants have fourteen days thereafter to file a response, and plaintiff has seven days after that to file a reply. The Court will rule on the motion by mail.

**SO ORDERED.**             **ENTERED:** 9/13/06

HON. RONALD A. GUZMAN
United States District Judge